UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| JENNIFER MCFARLAND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:20-cv-00286-JRG-SKL |
| | ) | |
| v. | ) | |
| | ) | |
| TENNESSEE VALLEY AUTHORITY and | ) | |
| CHRISTOPHER S. THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is a motion to exclude Plaintiff's proposed expert testimony, filed by Defendant Tennessee Valley Authority ("TVA") [Doc. 20 (motion) & Doc. 21 (supporting brief)]. Plaintiff Jennifer McFarland ("Plaintiff") filed a response [Doc. 22], and TVA filed a reply [Doc. 23]. Also before the Court is Plaintiff's motion to modify the scheduling order [Doc. 24]. TVA filed a response in opposition [Doc. 25]. Plaintiff did not file a reply, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. These matters are now ripe.[1]

This lawsuit arises from a three-vehicle collision that occurred on September 11, 2019, on I-75 South in Chattanooga. Allegedly, Plaintiff came to a stop on the interstate, was struck from behind by a TVA employee, and then Defendant Thompson struck the TVA employee's vehicle from behind. Plaintiff claims that she sustained serious injuries as a result of the collision, including "permanent injuries to her body" [Doc. 1-2 at Page ID # 9]. She seeks $360,000 in compensatory damages.

---

[1] Defendant Christopher S. Thompson ("Defendant Thompson" and together with TVA, "Defendants") did not join in TVA's briefing or otherwise state a position regarding the motions.

Plaintiff filed her complaint in Hamilton County Circuit Court, and TVA removed it to this Court on October 2, 2020. On December 7, 2020, the Court entered a Scheduling Order [Doc. 15]. Relevant to the matters at hand, the Scheduling Order set the following deadlines:

(1) May 11, 2021 for Plaintiff to make her expert disclosures required by Federal Rule of Civil Procedure 26(a)(2);

(2) June 15, 2021 for Defendants to make their expert disclosures; and

(3) July 13, 2021, for either party to file *Daubert*-based objections or objections under Federal Rules of Evidence 701 through 706.

[Doc. 15 at Page ID # 65].

May 11 and June 15 came and went. It was not until June 24, that Plaintiff served Defendants with a document titled, "Plaintiff's Expert Disclosures Pursuant to F.R.CIV.P. 26(a)(2)" [*see* Doc. 21-1]. She lists five treating physicians and one treating dentist, and writes that each of them "is expected to testify as to [their] treatment of [Plaintiff], the cost of treatment, her injuries, the causation of her injuries and her future prognosis, limitations and impairments." [*See id.*]. Plaintiff disclosed that the dentist is also expected to testify as to Plaintiff's "future treatment" and "future cost of treatment." [*Id.* at Page ID # 95]. Plaintiff indicates that these disclosures are "the exact same as was filed on December 16, 2020," i.e., in her initial disclosures [*id.* at Page ID # 94]. Under a section titled, "Expert Reports," Plaintiff wrote: "All medical records and medical expenses incurred by [Plaintiff], which documents have also been produced to Defendants' counsel[.]" [*Id.* at Page ID # 95]. Previously, Plaintiff had also provided a list of "the specific dates of treatment and the charges for each provider." [Doc. 22 at Page ID # 102].

TVA correctly argues these expert disclosures are untimely under the Scheduling Order and inadequate under Federal Rule of Civil Procedure 26(a)(2)(C), even if Plaintiff provided medical records associated with each doctor/dentist and listed the dates and charges for each

2

provider. *See Cosby v. Claiborne Cnty. Bd. of Educ.*, No. 3:17-CV-278-RLJ-HBG, 2018 WL 3233336, at *3 (E.D. Tenn. July 2, 2018) (identifying treating doctor and providing medical records not sufficient); *Reynolds v. Knox Cnty. Gov't*, No. 3:17-CV-79-HSM-DCP, 2018 WL 6523439, at *4-5 (E.D. Tenn. Dec. 12, 2018) ("[A] summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and the opinions must state a view or judgment regarding a matter that affects the outcome of the case." (quoting *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015))). Even with the list of charges and dates, the disclosures are not adequate. For example, the list does not reveal any opinion regarding or basis for causation, nor does the list, when combined with the medical records, "state[] the main points derived from a larger body of information." *Id.* (quoting *Little Hocking Water Ass'n*, 2015 WL 1105840, at *9).

Because Plaintiff did not properly disclose these experts, TVA argues they should not be permitted to testify at trial pursuant to Federal Rule of Civil Procedure 37(c)(1). Regarding sanctions, Rule 37 provides:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > (B) may inform the jury of the party's failure; and
> >
> > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c).

In response, Plaintiff contends any failure to comply with Rule 26(a)(2)(C) is harmless because she has now provided amended disclosures, which she attaches to her response [Doc. 22-1]. Seemingly acknowledging that these amended disclosures are tardy, Plaintiff also separately filed a motion to amend the scheduling order [Doc. 24]. Plaintiff asks that she be allowed three days from entry of an order on the motion to make new amended disclosures, to reflect that $6,454 in dental work has now been determined to be unnecessary. Plaintiff suggests Defendants' deadline for objecting to the disclosures be extended to 30 days after Plaintiff's filing.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001)). To show good cause to amend a scheduling order, "a moving party can demonstrate that he or she diligently attempted to meet the original deadline." *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 521 (6th Cir. 2017) (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)), *cert. denied*, 138 S. Ct. 1177 (2018).

Plaintiff has not adequately established good cause to support a continuance of the deadlines set in the Scheduling Order. The dental work issue does not justify Plaintiff's failure to comply with the Scheduling Order and make appropriate disclosures on time, for most of the reasons stated in TVA's response [Doc. 25]. Even if the failure was due to counsel's misunderstanding of the requirements of Rule 26(a)(2)(C), "[c]ourts in this circuit have found that '[c]arelessness or attorney error is insufficient to constitute good cause.'" *Camps v. Gore Cap., LLC*, No. 3:17-cv-01039, 2020 WL 7337300, at *2 (M.D. Tenn. Dec. 14, 2020) (second alteration

4

in original) (quoting *Smith v. T. Marzetti Co.*, No. 1:18-CV-00089, 2019 WL 4044024, at *3 (W.D. Ky. Aug. 27, 2019)).

Nevertheless, the Court is aware that excluding these witnesses from testifying, or limiting their testimony only to the factual matters in their treatment notes, may prove a fatal blow to significant parts of Plaintiff's case. And the Court has an obligation to strive to see that justice is served even if not assisted by counsel. Moreover, as Plaintiff asserts, the trial of this case is set for June 7, 2022, leaving ample time to cure any prejudice or harm to TVA without altering the trial date. Finally, TVA does not claim it is at all surprised by the identity of these treating-physician experts. *See Reynolds*, 2018 WL 6523439, at *5 (finding violation of Rule 26(a)(2)(C) but permitting amended disclosures after the deadline).

Accordingly, the Court will reluctantly exercise its considerable discretion in this area, amend the scheduling order, and set new deadlines for Plaintiff's disclosure of only the previously identified treating-physician/dentist experts—but no others by Plaintiff—under Rule 26(a)(2)(C), Defendants' disclosure of any rebuttal experts, and filing *Daubert* motions. Because discovery in this case has already closed, the Court will also reopen discovery but only for the limited purpose of discovery related to the experts. Plaintiff will not be permitted to disclose any new experts; she is only permitted to file appropriate amended disclosures regarding the experts she has already identified and that are at issue in these motions.

For the reasons stated above, TVA's motion to exclude Plaintiff's proposed expert testimony [Doc. 20] is **DENIED**. Plaintiff's motion to amend the scheduling order [Doc. 24] is **GRANTED**. The deadlines in the scheduling order [Doc. 15] are modified as follows:

(1) Disclosure of the above-identified expert testimony in accordance with Rule 26(a)(2) shall be made by Plaintiff on or before **August 24, 2021**, and by Defendant on or before

**September 21, 2021**. The parties are ordered to include all relevant information regarding the experts' qualifications and competency. Plaintiff's disclosures are limited to the six medical providers she has already attempted to disclose.

(2) Any objections to a proposed expert witness's qualifications, or that witness's competency to offer an expert opinion, or any objection to an expert's testimony under Federal Rules of Evidence 701 through 706 and *Daubert*, shall be filed by **October 4, 2021**.

(3) Discovery shall be completed by **October 12, 2021**. During this extended discovery period, the parties are limited to conducting discovery regarding the disclosed expert witnesses.

(4) Plaintiff is forewarned that no further extensions will be granted for these new deadlines. If she fails to make appropriate disclosures with all necessary information, including her experts' qualifications and competency, she will not be permitted to offer that expert testimony at trial or rely on it in any way.

SO ORDERED.

ENTER:

                                                          s/ *Susan K. Lee*
                                                         SUSAN K. LEE
                                                         UNITED STATES MAGISTRATE JUDGE

.